HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* F. CARRERA & HNO., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre indemnización de daños y perjuicios.

No. 1402.—Resuelto en mayo 17, 1916.

DAÑOS Y PERJUICIOS—EXCEPCIÓN PREVIA DE FALTA DE HECHOS SUFICIENTES.— Cuando en un caso como el presente no aparecen de la demanda hechos que demuestren que el demandado hubiera tenido obligación alguna para con el demandante, una excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción en reclamación de daños y perjuicios, debe prevalecer.

ENMIENDAS A LA DEMANDA—HECHOS ADICIONALES.—Cuando el demandante cuya demanda original ha sido desestimada por no aducir hechos suficientes para constituir una causa de acción, no indica en que forma podría aquélla ser enmendada para que expresara una causa de acción, ni presenta alegato alguno por el que resulten hechos adicionales en los que pueda basarse una teoría que pueda ser sostenida con respecto a su caso contra el demandado, después de tener tiempo suficiente para presentar dicha enmienda o hacer alguna solicitud a la corte, no puede luego alegar con éxito que no se le dió una oportunidad para enmendar su dicha demanda.

HONORARIOS DE ABOGADO—COSTAS Y DESEMBOLSOS—TEMERIDAD MANIFIESTA—PEDIMENTO DE COSTAS EN LA EXCEPCIÓN PREVIA.—Cuando la temeridad de un demandante es manifiesta y la cuantía del pleito excede de quinientos dólares, no obstante solicitarse solamente en la excepción previa que se desestime la demanda "con las costas," la corte puede imponer al demandante, además

de las costas propiamente dichas, los desembolsos y honorarios de abogado, de acuerdo con el artículo 327 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1908.

ID.—PEDIMENTO DE COSTAS EN LA EXCEPCIÓN PREVIA.—El hecho de que en una excepción previa a la demanda el demandado emplee la fórmula general ''con las costas,'' no implica que oralmente luego, en el acto de la vista o de algún otro modo, haya dejado de pedir los desembolsos y honorarios de abogado.

ID.—MEMORÁNDUM DE COSTAS—GASTOS DE VIAJE PARA COMPARECER ANTE EL TRIBUNAL SUPREMO.—Cuando en un memorándum de costas se consigna una partida de gastos de viaje con motivo de un recurso establecido para ante el Tribunal Supremo, debe ordenarse su eliminación por no existir ley que autorice la imposición de costas y desembolsos en tales casos.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

La apelada no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este caso está relacionado con otros decididos por esta Corte Suprema, a saber: *Hernández v. F. Carrera & Hermano et al.,* 22 D. P. R. 538, y *Hernández v. Benet et al.,* 23 D. P. R. 6.

La demanda es la misma en todos y fué establecida por Agustín Hernández Mena contra F. Carrera & Hermano y José Benet en reclamación de daños y perjuicios. El demandado Benet la excepcionó por no aducir hechos suficientes para determinar una causa de acción. La excepción fué declarada con lugar y habiéndose dictado sentencia, Hernández Mena apeló contra ella para ante esta Corte Suprema. Esta corte estudió el caso, se refirió a todos los hechos alegados en la demanda y concluyó que la excepción fué debidamente declarada con lugar ''por no aparecer de dicha demanda hechos que demuestren que los demandados F. Carrera & Hermano hubieran tenido alguna vez ninguna obligación con el demandante y apelante, o que los bienes embargados le pertenecían en realidad, o que el demandante y apelante hubiera sufrido ciertamente algún perjuicio con motivo del embargo practicado a instancia del demandado Benet.'' *Hernández v. Benet et al.,* 23 D. P. R. 6, 11.

El otro demandado F. Carrera & Hermano fué declarado en rebeldía. Solicitó la apertura de la misma y la corte accedió. Hernández Mena apeló y esta corte declaró sin lugar la apelación. *Hernández* v. *F. Carrera & Hermano et al.,* 22 D. P. R. 538. Dicho demandado alegó también la excepción de que la demanda no aducía hechos suficientes para determinar una causa de acción y la corte sostuvo la excepción. En el acto de la vista de la misma el demandante Hernández Mena solicitó que en el caso de que la corte resolviera el asunto a favor del demandado, le concediera un término para enmendar la demanda. La corte no accedió porque "dicho demandante no indicó en qué forma es que podía todavía enmendar de nuevo su demanda para que pueda expresar una causa de acción, ni presentó alegato alguno por el que resulten hechos adicionales, en los que pueda basar una teoría que pueda ser sostenida con respecto a su caso contra los demandados F. Carrera & Hermano; siendo así que el demandante ha tenido tiempo suficiente desde que se dictó la sentencia de la Corte Suprema en 23 de julio de 1915 hasta ahora para presentar dicha enmienda o hacer alguna solicitud a la corte y conociendo el demandante que esta corte había resuelto esta excepción previa y había dictado sentencia anteriormente a favor de F. Carrera & Hermano, que tuvo que declarar nula por cumplimiento de un requisito estatutorio."

Dos son, pues, las cuestiones que debemos estudiar y resolver. Primero, si la demanda aduce o no hechos suficientes para determinar una causa de acción en contra de F. Carrera & Hermano, y segundo, si la corte erró al no acceder a la súplica del demandante con respecto a la enmienda de la demanda.

La primera cuestión ha sido ya implícitamente resuelta por esta corte al decidir la apelación en el caso de *Hernández* v. *Benet et al., supra.* Aplicando ahora los mismos razonamientos expuestos en la opinión emitida para fundamentar la sentencia de esta corte en dicho caso, debemos resol-

ver que la excepción del demandado F. Carrera & Hermano fué debidamente declarada con lugar.

Y en cuanto a la cuestión segunda, diremos que nos parecen suficientes las razones que tuvo la corte sentenciadora para negarse a conceder el permiso solicitado. La actitud asumida por la corte está también sostenida por la jurisprudencia sentada en el dicho caso de *Hernández* v. *Benet et al., supra.*

Sostiene también el apelante que no debió condenársele en costas, ni menos en honorarios de abogado. No tiene razón el apelante. Su temeridad fué manifiesta, la cuantía del pleito excedía de quinientos pesos y no obstante solicitarse solamente en la excepción previa que se desestimara la demanda ''con las costas,'' la corte pudo imponer al demandante, además de las costas propiamente dichas, los desembolsos y honorarios de abogado. Para llegar a esa conclusión basta leer el artículo 327 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1908. Además, el hecho de que se empleara en la excepción la fórmula general ''con las costas,'' no implica que oralmente luego en el acto de la vista, o de algún otro modo, el demandado dejara de pedir los desembolsos y honorarios.

Conjuntamente con la apelación establecida contra la sentencia, se ha tramitado la interpuesta contra la resolución aprobatoria del memorándum de costas.

El demandado presentó su memorándum que contiene nueve partidas y que asciende a $276. El demandante impugnó todas las partidas con excepción de la primera. De la orden de la corte tal como aparece en la transcripción resulta que el juez ordenó la eliminación de las partidas 1, 2, 3 y 9 ''de $1.25 cada una,'' por haber renunciado a ellas el abogado de la demandada y aprobó las restantes, condenando al demandante a pagar al demandado la suma de $271. Tiene que existir un error al consignarse que se eliminó la partida primera. Fué esa precisamente la única que, como hemos dicho, no impugnó el demandante. Además la corte

consignó que las partidas que eliminaba eran de $1.25 cada una y en efecto las partidas 2, 3, 4 y 9 son las únicas de $1.25 del memorándum, mientras que la partida 1, honorarios del secretario, asciende a $5. Y por último la suma mandada pagar por el juez asciende a $271, o sea cinco pesos menos de los reclamados, y $5 son el resultado de la suma de las cuatro partidas de $1.25 mandadas eliminar.

Sostiene el apelante que las partidas de $15 y $250, respectivamente "por gastos y honorarios de abogado por asistir a esta Corte Suprema," deben eliminarse por no estar autorizadas por la ley. Del memorándum se desprende solamente que la partida de $15 se empleó en conexión con la apelación a esta Corte Suprema. Los honorarios se cobran en general, sin que aparezca de modo concreto que se hayan reclamado ni concedido honorarios por trabajos legales realizados ante esta Corte Suprema y en tal virtud no son de aplicación los casos que cita el apelante. En cuanto a los gastos de viaje, como claramente se consigna que se hicieron con motivo del recurso establecido para ante este Tribunal Supremo, deben eliminarse por no existir ley que autorice la imposición de costas y desembolsos en tales casos. Véanse las siguientes decisiones de esta Corte Suprema sobre la materia: *Vázquez et al.* v. *Vázquez et al.,* 15 D. P. R. 291; *Martínez* v. *Pagán, López & Cía.,* 17 D. P. R. 613 y *J. Ochoa Hnos.* v. *Herederos de Lanza,* 17 D. P. R. 730.

Por virtud de todo lo expuesto opinamos que debe confirmarse la sentencia apelada y modificarse la orden aprobatoria del memorándum de costas también apelada mandando que se excluya la partida de quince pesos de que se deja hecho mérito.

> *Confirmada la sentencia apelada y corregida y modificada la orden aprobatoria del memorándum de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.